IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY MARCUS, | CASE NO. 5:14-cv-01625 EJD |
| Plaintiff(s), | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |
| v. | |
| UPS, et. al., | [Docket Item No(s). 13] |
| Defendant(s). | |

## I.  INTRODUCTION

Plaintiff Anthony Marcus ("Plaintiff") was terminated from his employment with Defendant United Parcel Service ("UPS") in 2012.  He then initiated the instant action against UPS and his former manager, Loren O'Donley,[1] in Santa Cruz County Superior Court asserting a number of claims related to alleged workplace discrimination, retaliation and wrongful termination, including a claim for inducing breach of implied contract and breach of the covenant of good faith and fair dealing.  See Compl., Docket Item No. 1, Ex. A.

Defendants removed the case to this court pursuant to 28 U.S.C. §§ 1331 and 1441.  They contend the Complaint contains a federal question because the claims for induced breach of implied contract and breach of the covenant of good faith and fair dealing are completely preempted by the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 et. seq.

---

[1] UPS and O'Donley are referred herein collectively as "Defendants."

1
CASE NO. 5:14-cv-01625 EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

1  Plaintiff disagrees and filed the Motion to Remand presently before the court. See Docket
2  Item No. 13. The court has carefully reviewed the parties' pleadings and finds this motion suitable
3  for decision without oral argument pursuant to Civil Local Rule 7-1(b). The hearing scheduled for
4  July 18, 2014, will therefore be vacated.
5  The Motion to Remand will be denied for the reasons explained below.

## II.  LEGAL STANDARD

7  Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592
8  F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely
9  from the statutory authorization of Congress."). In general, only those state court actions that could
10 have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as
11 otherwise expressly provided by Act of Congress, any civil action brought in a State court of which
12 the district courts of the United States have original jurisdiction, may be removed by the
13 defendant."); see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court
14 actions that originally could have been filed in federal court may be removed to federal court by
15 defendant."). Accordingly, the removal statute provides two basic ways in which a state court action
16 may be removed to federal court: (1) the case presents a federal question, or (2) the case is between
17 citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a),
18 (b); 1332(a).

19 When removal is based on the presence of a federal question, the court looks to the face of a
20 well-pleaded complaint to determine whether a cause of action is created by federal law or whether
21 the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal
22 law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax
23 Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). "[I]t must be clear
24 from the face of the plaintiff's well-pleaded complaint that there is a federal question." Duncan v.
25 Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The complaint as it existed at time of removal dictates
26 whether removal jurisdiction is proper. Libhart, 592 F.2d at 1065.

27 Sometimes federal question jurisdiction can arise even when a federal claim is facially absent
28 from a well-pleaded complaint. "'[W]hen a federal statute wholly displaces the state-law cause of

action through complete pre-emption,' the state claim can be removed." Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004) (quoting Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003)). "Complete preemption . . . is 'really a jurisdictional rather than a preemption doctrine, [as it] confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim.'" Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 945 (9th Cir. 2009) (quoting Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund, 538 F.3d 594, 596 (7th Cir. 2008)).

On a motion to remand, it is the removing defendant's burden to establish federal jurisdiction, and the court must strictly construe removal statutes against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

### III.  DISCUSSION

As noted, Defendants believe two of Plaintiff's claims are preempted by § 301 of the LMRA since Plaintiff's employment at UPS was governed by a Collective Bargaining Agreement ("CBA") with the International Brotherhood of Teamsters Union, of which Plaintiff was member.

Section 301 of the LMRA vests federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce[.]" 29 U.S.C. § 185(a).  The Supreme Court has expanded the preemptive scope of Section 301 to cases for which resolution "is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract" or collective bargaining agreement ("CBA"). Allis-Chambers Corp. v. Lueck, 471 U.S. 202, 220 (1985).

"[S]tate-law causes of action are preempted if they are either based upon a collective-bargaining agreement or dependent upon an interpretation of the agreement." Ramirez v. Fox Television Station, 998 F.2d 743, 748 (9th Cir. 1993) (citing Hayden v. Reickerd, 957 F.2d 1506, 1509 (9th Cir. 1992)).  However, "[c]auses of action that only 'tangentially involve' a provision of" a CBA, or which assert non-negotiable state rights independent of anything provided

3
CASE NO. 5:14-cv-01625 EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

by a CBA, are not preempted by Section 301. Id.

A two-step test is used to sort out those claims that are preempted from those that are not:

> First, the court must ask "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." If the answer is no, then the claim is preempted by 301. If the answer is yes, then the court must ask whether the claim is "substantially dependent on analysis of a collective-bargaining agreement." If the answer is yes, then the claim is preempted by 301; if the answer is no, then "the claim can proceed under state law."

Rodriguez v. Pac. Steel Casting Co., No. 12-cv-00353, 2012 U.S. Dist. LEXIS 76757, at *9, 2012 WL 2000793 (N.D. Cal. June 1, 2012) (internal citations omitted) (citing Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007)).

The court need not look past the first step of the analysis for this motion because the two claims at issue plainly involve a right conferred by the CBA. Here, Plaintiff asserts in the claim for induced breach of implied contract that "Defendants did not have *good cause* to discharge [Plaintiff] for misconduct." See Compl., at ¶ 49 (emphasis added). Since the presumption under California law is something different - that "[a]n employment, having no specified term, may be terminated at the will of either party on notice to the other" - Plaintiff's claim founded upon a presumptively-higher "good cause" standard for employment termination can only be based upon a provision of the CBA. Cal. Lab. Code § 2922. Indeed, the CBA contains such a provision at Article 4: "[a]ny employee may be discharged or suspended for just cause . . . ." See Decl. of Curtis D. White, Docket Item No. 16, at ¶ 3, Ex. A. It is therefore preempted by Section 301.

The claim for breach of the covenant of good faith and fair dealing is similarly reliant on the CBA. "The implied covenant tort is designed to protect the job security of employees who at common law could be fired at will." Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 999 (9th Cir. 1987). Such a claim is preempted and "waived where the collective bargaining agreement contains terms concerning job security." Chmiel v. Beverly Wilshire Hotel Co., 873 F.2d 1283, 1286 (9th Cir. 1989). As indicated, the CBA which governed Plaintiff's employment at UPS provides for a level of job security greater than that provided for by California law. As such, this claim is also preempted by Section 301.

Plaintiff's arguments to the contrary are unpersuasive. The CBA need not be directly

1  mentioned in the complaint in order for any of it claims to be preempted by the LMRA.  While
2  Plaintiff suggests otherwise, the absence of reference to the CBA from the Complaint in this case,
3  when two of its claims clearly assert the violation of a right created by that contract, merely
4  illustrates the conscious attempt to artfully plead around it.  See Fong v. Univ. of San Francisco, No.
5  C-92-4127 EFL, 1993 U.S. Dist. LEXIS 4677, at *3-4, 1993 WL 106893 (N.D. Cal. Apr 6, 1993)
6  ("[T]he question here is not whether plaintiff referred to the collective bargaining agreement or the
7  union in her complaint, but rather whether her complaint requires a review of the terms of the
8  collective bargaining agreement."); see also Burnside, 491 F.3d at 1059 (holding that LMRA
9  preemption cannot be avoided by artfully pleading breach of CBA claims as tortious breach of
10 contract or other state-law claims).  Artful pleading does not circumvent the effect of federal
11 preemption, especially when the statute's preemptive effect "is so powerful as to displace entirely
12 any state cause of action for violation of contracts between an employer and a labor organization."
13 Constr. Laborers Vacation Trust, 463 U.S. at 23; ARCO Envtl. Remediation, L.L.C. v. Dep't of
14 Health & Envtl. Quality, 213 F.3d 1108, 1114 (9th Cir. 2000) (under the artful pleading doctrine,
15 "[a] state-created cause of action can be deemed to arise under federal law . . . where federal law
16 completely preempts state law").

17        The argument that Plaintiff is asserting the breach of some employment contract independent
18 of the CBA similarly fails.  It is undisputed that Plaintiff's job position at UPS was one covered by
19 the CBA.  Accordingly, any independent agreement between Plaintiff and UPS, if one existed at all,
20 is effective only as part of the CBA and is preempted by the LMRA.  See Young, 830 F.2d at 997.
21 Moreover, the fact that Plaintiff was not a union member at the time he commenced employment is
22 of no moment since he was admittedly a union member at the time he was terminated and now seeks
23 to enforce a provision of the CBA that provides for enhanced job security.

24        Finally, Plaintiff's reliance on Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399
25 (1988), for anything other than the general preemption standard is misplaced because that case is
26 factually distinguishable.  In Lingle, the Supreme Court could easily find the claim for retaliatory
27 discharge was not preempted because the question of whether or not the plaintiff was wrongfully
28 terminated for filing a workers' compensation claim could be answered by examining the conduct of

the employee and the conduct and motivation of the employer, without reference to a CBA. 486 U.S. at 407. The same cannot be done here because Plaintiff's breach claims can only be resolved by reference to the CBA. The right to be free of termination without cause applies to Plaintiff solely by way of that agreement.

In sum, Defendants have met their burden to show a basis for federal jurisdiction. The Motion to Remand must therefore be denied. All the claims presently asserted by Plaintiff may remain in federal court, including those not discussed in this analysis. See 28 U.S.C. § 1367(a).[2]

### IV. ORDER

Based on the foregoing, Plaintiff's Motion to Remand is DENIED. The hearing scheduled for July 18, 2014, is VACATED.

**IT IS SO ORDERED.**

Dated: July 14, 2014



EDWARD J. DAVILA
United States District Judge

---

[2] The court will not grant Plaintiff's closing request "for leave to file a motion to dismiss" the breach claims should the remand motion be denied. Plaintiff may file any motion to dismiss he deems appropriate, assuming it is permitted by the applicable rules of procedure. But as with any request of the court, its success will depend on the strength of the arguments for and against the relief requested.